**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2349-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAVAR T. RODGERS,
a/k/a LAVAR T. ROGERS,

    Defendant-Appellant.

_____

Argued June 6, 2022 – Decided July 12, 2022

Before Judges Rothstadt, Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 12-01-0005.

Lavar T. Rodgers, appellant, argued the cause pro se.

Amanda G. Schwartz, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Amanda G. Schwartz, of counsel and on the brief).

PER CURIAM

Defendant Lavar T. Rodgers appeals from the Law Division's October 20, 2020 order denying his second petition for post-conviction relief (PCR). Judge Sandra Lopez issued the order after she set forth her reasons in a written decision dated September 25, 2020. As stated in her decision, the judge concluded defendant's second petition was untimely under Rule 3:22-4(b). We affirm.

In an earlier unpublished opinion, we affirmed defendant's conviction and aggregate sixty-two-year sentence for having committed "four counts of first-degree attempted murder and other offenses." State v. Rodgers (Rodgers I), No. A-1696-12 (App. Div. Nov. 5, 2014) (slip op. at 1-2, 7). The Supreme Court denied defendant's petition for certification from that opinion. State v. Rodgers, 221 N.J. 287 (2015).

In a second unpublished opinion, we affirmed the denial of defendant's first petition for PCR. State v. Rodgers (Rodgers II), No. A-0710-17 (App. Div. Dec. 17, 2018) (slip op. at 2). The Supreme Court also denied defendant's petition for certification from that opinion. State v. Rodgers, 238 N.J. 364 (2019).

In both of our prior opinions, we set forth at length the facts leading to defendant's conviction, sentence, see Rodgers I, slip op. at 2-7, and the denial

of his first PCR petition, see Rodgers II, slip op. at 2-7. For our purposes in this opinion, those facts need not be repeated.

Defendant signed his second PCR petition on July 22, 2020, and filed it on August 6, 2020, more than three years after the denial of his first PCR petition, and approximately fourteen months after June 3, 2019, when the Supreme Court denied his petition for review of our 2018 affirmance of the denial of his first petition. In his second petition, defendant argued that he "received the ineffective assistance of trial counsel"; and "the trial judge violated [defendant's] due process and rights to a fair trial by misleading the jurors during any instructions."

As noted, on September 25, 2020, Judge Lopez issued a written decision explaining her reasons for denying defendant's second petition. After recounting the procedural history of this matter, the judge explained that Rule 3:22-4(b) requires that a second PCR petition be filed in a timely manner in accordance with Rule 3:22-12(a)(2). Applying those rules, the judge first concluded that defendant did not assert any "newly recognized constitutional right and thus was not timely under Rule 3:22-12(a)(2)(A)." She then found defendant's second petition did not comport with Rule 3:22-12(a)(2)(B) because it was not based upon "any new evidence . . . or information that could not have been discovered

3

earlier through the exercise of reasonable diligence." In reaching that conclusion, the judge noted that defendant relied upon a June 10, 2011 affidavit that had "already been considered by the [c]ourt in its denial of [d]efendant's original PCR [petition]."

Next, the judge concluded that under Rule 3:22-12(a)(2)(C), defendant's assertions relating to PCR counsel were also not timely filed because defendant did not file his second PCR petition within one year of the March 9, 2017 denial of his first petition. The judge then cited to Rule 1:3-4, Rule 3:22-12(b), and controlling case law, and explained that the Rules "absolutely prohibited" an extension of that time limit. Moreover, relying on our opinion in State v. Jackson, 454 N.J. Super. 284, 293-94 (App. Div. 2018), the judge concluded that "neither excusable neglect nor fundamental injustice permits enlargement of time for filing a second or subsequent PCR petition."

On October 20, 2020, the judge entered an order memorializing her decision to deny defendant's second PCR petition. This appeal followed.

On appeal, defendant argues the following points:

> POINT I
>
> [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL (Partially Raised Below).

POINT II

SENTENCING INEFFECTIVENESS OF TRIAL COUNSEL, ALLOWED AN ILLEGAL SENTENCE BE IMPOSED BY [THE TRIAL] JUDGE . . . WHO DID NOT "STATE THE FACTUAL AND LEGAL BASIS SUPPORTING HIS IMPOSITION OF SENTENCE," [N.J.S.A.] 2C:43-2[8] AS OMMITTED IN THE STATEMENT OF REASONS. REQUIRES APPELLATE REVIEW TO MODIFY THE CONVICTION PURSUANT TO [N.J.S.A.] 2C:44-7 AND RULE 3:22-2(c), FOR ACCORD AND SATISFACTION I.E. CONVICTION BE OVERTURNED AND VACATED (Partially Raised Below).

POINT III

THE TRIAL JUDGE VIOLATED PETITIONER DUE PROCESS AND RIGHTS TO A FAIR TRIAL BY MISLEADING THE JURORS DURING ANY INSTRU[C]TIONS (Partially Raised Below).

A. THE INSTRUCTION AND VERDICT SHEET CONCERNING ATTEMPTED MURDER COUNTS REFLECTS THE IMPERMISSIBLE MENTAL STATE OF KNOWINGLY WHICH ONLY WORK TO MISINFORM THE JURY ON THE LAW. THUS VIOLATED DEFENDANT'S RIGHT TO DUE PROCESS AND HIS RIGHT OF A FAIR TRIAL.

POINT IV

DEFENDANT'S DUE PROCESS RIGHTS AND OTHER CONSTITUTIONAL RIGHTS [WERE] VIOLATED ON THE BASIS OF BAD FAITH, CONIVANCE [SIC] ON THE PART OF THE GOVERNMENT, BY PROSECUTORIAL

5

MISCONDUCT, WHO'S [SIC] CHARGING DECISIONS DID NOT RETURN A VALID INDICTMENT BY THE STATE GRAND JURY, AS A RESULT PROSECUTED THE CAUSE WITHOUT JURISDICTION IN THIS CASE. THE PROSECUTOR THREATENED A WITNESS TO COOPERATE TO PROVIDE A FALSE TESTIMONY, AND MADE IMPERMISSIBLE COMMENTS ON DEFENDANT[']S RIGHT TO REMAIN SILENT BY TELLING THE JURY THAT "THE VERY NATURE OF WHAT HE DID, YOU KNOW HE KNOW HE DID IT," WAS SO EGREGIOUS THAT IT CLEARLY AND UNMISTAKENLY DEPRIVED THE DEFENDANT A FAIR TRIAL (Partially Raised Below).

A.    THE STATE MADE IMPERMISSIBLE COMMENTS ON DEFENDANT'S RIGHT TO REMAIN SILENT BY TELLING THE JURY THE "THE VERY NATURE OF WHAT HE DID, YOU KNOW HE DID IT."

POINT V

A COURT REVIEWING A CLAIM OF ACTUAL INNOCENCE PROPERLY CONSIDERS THE ENTIRE RECORD AS A WHOLE REQUIRES THE STATE'S RESPONDENT TO NOW "DISCLOSE TO THE DEFENSE OF ALL EVIDENCE KNOWN TO THE PROSECUTOR THAT SUPPORTS INNOCENCE . . . AND TO THE TRIBUNAL," RPC 3.8(d) [DEFENDANT] HAS BEEN WRONGFULLY CONVICTED. THE COURT MUST OVERTURN THE CONVICTION, REVERSE THE PCR ORDER, DIRECTING THE HOLDING OF EVIDENTIARY HEARING AND NEW ENTRY OF JUDGMENT OF ACQUITTAL (Partially Raised Below).

6

"As the [second] PCR [judge] did not hold an evidentiary hearing on the claim[s] defendant now raises on appeal, we 'conduct a de novo review.' We must hew to this standard of review." Jackson, 454 N.J. Super. at 291 (quoting State v. Harris, 181 N.J. 391, 421 (2004)). Applying that standard, we are unpersuaded by defendant's contentions.

We affirm substantially for the reasons stated by Judge Lopez in her cogent written decision. We find defendant's contentions challenging the judge's determination to be without sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(2). We only add that it appears that most if not all of defendant's arguments were raised in the previous proceedings and therefore were also barred under Rule 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2349-20